UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20264-SCOLA

UNITED STATES OF AMERICA

v.

GIRALDO CARABALLO,

    Defendant.

**FIRST FINAL ORDER OF FORFEITURE**

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Final Order of Forfeiture ("Motion"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

1. On February 11, 2022, pursuant to 18 U.S.C. § 982(a)(2)(A) and 21 U.S.C. § 853(p), the Court entered a Preliminary Order of Forfeiture, ECF No. 39, forfeiting, subject to third-party interests, the following property to the United States, among other assets (collectively, "Forfeited Assets"):

    i. approximately $119,996.14 formerly on deposit in account number 6929597455 at Wells Fargo Bank, N.A. held in the name of the Defendant;

    ii. real property located at 13234 SW 200 Terrace, Miami, Florida 33177, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

    Also known as: Lot 4, Block 3, VALENCIA GROVE ESTATES according to the Plat thereof, as recorded in Plat Book 157, Page 52, of the Public Records of Miami-Dade County, Florida,

    Parcel Identification No. 30-6911-009-0170 (the "Real Property"); and

        iii.    a white 2015 Ford F250 bearing Vehicle Identification Number 1FT7W2AT3FEC81417.

2. Notice of the criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. *See* Decl. of Publication, ECF No. 56; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

3. Direct notice was sent to any person who reasonably appeared to be a potential claimant with standing to contest the forfeiture, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1). *See* Exhibit A (Direct Notice Letter and FedEx Confirmation).

4. The notice advised that any person, other than the defendant in the above-captioned case, asserting a legal interest in the property sought for final forfeiture may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

5. On April 4, 2022, Petitioner Lisney Caraballo ("Petitioner") filed a Petition for Release of Property Pursuant to 21 U.S.C. § 853(n), ECF No. 51 (the "Petition"), claiming an interest as a titled owner of the Real Property. *See* 21 U.S.C. § 853(n)(6).

6. On May 27, 2022, the Court approved a Stipulation and Settlement Agreement, which resolved Petitioner's claim to Real Property. *See* Order, ECF No. 62; *see also* Stipulation and Settlement Agreement, ECF No. 61-1. In lieu of forfeiture of the Property by the United States, the Parties agreed that the Petitioner would remit to the United States the sum of $90,000.00 in United States currency (the "Settlement Payment"). *See* Stipulation and Settlement Agreement at ¶ 6, ECF No. 61-1.

7. On or about September 8, 2022, Petitioner remitted the sum of $90,000.00 to the United States.

8. On September 10, 2022, the United States moved for Final Order of Forfeiture moved for Final Order of Forfeiture, ECF No. 71. However, the motion inadvertently attached the previously entered Preliminary Order of Forfeiture, ECF No. 39, to the Motion. *See* Proposed Order, ECF No. 71-2.

9. On September 15, 2022, the Court entered the Preliminary Order of Forfeiture, ECF No. 39, in response to the United States' Motion for Final Order of Forfeiture.

10. On November 10, 2022, the Court entered a Second Final Order of Forfeiture, ECF No. 75, which referenced different property than the instant motion.

11. On December 15, 2022, the Court entered a Paperless Order, ECF No. 76, denying as moot the United States' Motion for Final Order of Forfeiture, ECF No. 71, and referenced the Second Final Order of Forfeiture, ECF No. 75.

12. The time period for filing a petition claiming an interest in the Forfeited Assets has expired, and no other petition or claim has been filed.

13. Pursuant to 21 U.S.C. § 853(n)(7), once all third-party petitions have been disposed of and/or if no timely petitions have been filed, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." *Accord* Fed. R. Crim. P. 32.2(c)(2).

14. Therefore, the United States is entitled to a Final Order of Forfeiture that vests in the United States clear title to in the following property:

    i. approximately $119,996.14 formerly on deposit in account number 6929597455 at Wells Fargo Bank, N.A. held in the name of the Defendant;

    ii.    the sum of $90,000.00 in lieu of Defendant Giraldo Caraballo's interest in real property located at 13234 SW 200 Terrace, Miami, Florida 33177, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

> Also known as: Lot 4, Block 3, VALENCIA GROVE ESTATES according to the Plat thereof, as recorded in Plat Book 157, Page 52, of the Public Records of Miami-Dade County, Florida,
>
> Parcel Identification No. 30-6911-009-0170; and

    iii.    a white 2015 Ford F250 bearing Vehicle Identification Number 1FT7W2AT3FEC81417.

15.    As previously noted, the United States is not pursuing the final forfeiture of the Real Property as part of a Stipulation and Settlement Agreement. *See supra* ¶ 6.

16.    Accordingly, the Court should amend the Preliminary Order of Forfeiture by dismissing forfeiture proceedings against the following asset, and ordering its release: real property located at 13234 SW 200 Terrace, Miami, Florida 33177, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

> Also known as: Lot 4, Block 3, VALENCIA GROVE ESTATES according to the Plat thereof, as recorded in Plat Book 157, Page 52, of the Public Records of Miami-Dade County, Florida,
>
> Parcel Identification No. 30-6911-009-0170

*See* Fed. R. Crim. P. 32.2(c)(2); 21 U.S.C. § 853(n)(6).

Accordingly, based on the foregoing, the evidence of record, and for good cause shown, the Motion (**ECF No. 77**) is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853, and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, all right, title, and interest in the following property is hereby finally forfeited to and vested in the United States of America:

   i. approximately $119,996.14 formerly on deposit in account number 6929597455 at Wells Fargo Bank, N.A. held in the name of the Defendant;

   ii. the sum of $90,000.00 in lieu of Defendant Giraldo Caraballo's interest in real property located at 13234 SW 200 Terrace, Miami, Florida 33177, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

   Also known as: Lot 4, Block 3, VALENCIA GROVE ESTATES according to the Plat thereof, as recorded in Plat Book 157, Page 52, of the Public Records of Miami-Dade County, Florida,

   Parcel Identification No. 30-6911-009-0170; and

   iii. a white 2015 Ford F250 bearing Vehicle Identification Number 1FT7W2AT3FEC81417.

2. Any duly authorized law enforcement official may seize and take immediate possession of the property, exercising any and all incidents of ownership with respect thereto, and dispose of such property in accordance with law.

3. Pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(6), forfeiture proceedings are dismissed against the following property, and such property shall be released: real property located at 13234 SW 200 Terrace, Miami, Florida 33177, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

        Also known as: Lot 4, Block 3, VALENCIA GROVE ESTATES according to the Plat thereof, as recorded in Plat Book 157, Page 52, of the Public Records of Miami-Dade County, Florida,

        Parcel Identification No. 30-6911-009-0170.

4.     The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

    **DONE AND ORDERED** in Miami, Florida, on March 2, 2023.

                                                              ROBERT N. SCOLA, JR.
                                                              UNITED STATES DISTRICT JUDGE